UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LAURA ANN QUIGLEY, | ) | No. EDCV 15-786 AGR |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Plaintiff Laura Ann Quigley filed this action on April 21, 2015. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 11, 12.) On December 3, 2015, the parties filed a Joint Stipulation that addressed the disputed issue. The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court affirms the decision of the Commissioner.

## I.

## **PROCEDURAL BACKGROUND**

On February 14, 2012, Quigley filed applications for disability insurance benefits and supplemental security income, alleging an onset date of January 6, 2012. Administrative Record ("AR") 11. The applications were denied initially and on reconsideration. AR 11, 60-61, 129-30. Quigley requested a hearing before an Administrative Law Judge ("ALJ"). On October 30, 2013, the ALJ conducted a hearing at which Quigley and a vocational expert ("VE") testified. AR 24-59. On December 20, 2013, the ALJ issued a decision denying benefits. AR 8-19. On February 24, 2015, the Appeals Council denied the request for review. AR 1-4. This action followed.

## II.

## **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and quotation marks omitted).

## B. The ALJ's Findings

The ALJ found that Quigley met the insured status requirements through June 30, 2016. AR 13. Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that Quigley had the severe impairments of hypothyroidism, history of left knee arthroscopy, history of autoimmune hepatitis, chronic liver disease, polyarthritis, hypertension, history of benign tumor, migraine headaches, obstructive sleep apnea, osteopenia, obesity, major depressive disorder, posttraumatic stress disorder and borderline personality. AR 13.

The ALJ found that Quigley had the residual functional capacity ("RFC") to perform medium work except that she can no more than occasionally climb ramps and stairs; never climb ladders, ropes or scaffolds; frequently balance, stoop, kneel, crouch and crawl; and avoid working around unprotected heavy machinery or unprotected heights. Quigley can understand, remember and carry out simple job instructions and

---

[1] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

maintain attention and concentration sufficient to perform simple, routine and repetitive tasks. She can have occasional interaction with coworkers and supervisors but no direct interaction with the general public. She can have occasional changes to the work setting and occasional work-related decision making. AR 15. She is unable to perform any past relevant work, but there are jobs that exist in significant numbers in the national economy that she could perform such as cashier II and bench assembly work. AR 17-18.

### C. Treating Physician's Opinion

Quigley contends the ALJ erred in rejecting the opinion of her treating physician, Dr. Walayat.

An opinion of a treating physician is given more weight than the opinion of non-treating physicians. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). To reject an uncontradicted opinion of a medically acceptable treating source, an ALJ must state clear and convincing reasons that are supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). When a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record. This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Orn*, 495 F.3d at 632 (citations and quotation marks omitted). "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002).

Dr. Walayat completed a Mental Disorder Questionnaire on November 18, 2012. AR 758-62. Dr. Walayat stated that Quigley has depression and anxiety, as well as a brain tumor that is being treated by a neurologist.[2] She attempted suicide at the age of

---

[2] In January-April 2011, Quigley was diagnosed with falx meningioma and was treated. AR 295-302.

4

17 or 18, and has suicidal thoughts on and off. She is emotionally labile and can get hostile toward people. AR 758-60. Dr. Walayat did not perform testing, but opined that Quigley had poor memory, poor concentration and poor judgment. She has frequent paranoid ideation about people in public. AR 759-60. Quigley is able to maintain activities of daily living but is unable to maintain social relationships, including with her daughter. Quigley's mother called "CPS"[3] on Quigley regarding her daughter. AR 760-61. Quigley is unable to work due to "unstable social interaction, anxiety/paranoia." AR 761. Dr. Walayat diagnosed major depressive disorder, posttraumatic stress disorder (paranoia/anxiety) and sexual abuse at age 13. She has a guarded prognosis with a possibility of full recovery. AR 762.

On April 24, 2013, Dr. Walayat filled out a form regarding Quigley's ability to do work (mental). AR 894-95. Quigley was slightly impaired in her ability to understand, remember and carry out short and simple instructions, remember work-like procedures, make simple work-related decisions, request assistance, and be aware of normal hazards and take precautions. She was moderately impaired in her ability to maintain attention for two-hour segments, maintain regular attendance, complete a normal workday and workweek without interruption from psychological symptoms, sustain an ordinary routine without special supervision and work in proximity to others without being unduly distracted. Quigley was moderately impaired in her ability to perform at a consistent pace, accept instructions and criticism from superiors, get along with coworkers and deal with normal work stress. AR 894. Dr. Walayat anticipated that Quigley would be absent more than three times per month. AR 895.

The ALJ's mental RFC assessment limited Quigley to simple, routine and repetitive tasks. AR 15. As the ALJ noted, this limitation was consistent with Dr. Walayat's finding of a slight impairment in that category. AR 14, 17, 894; *see also* AR 732 (work pace is intact). The ALJ also limited Quigley to occasional interaction with

---

[3] Presumably, CPS refers to child protective services.

coworkers, no interaction with the public, occasional changes to the work setting and occasional work decision-making. AR 15. These limitations are a reasonable accommodation to Dr. Walayat's opinion as to Quigley's paranoia and anxiety in her social relationships.

The ALJ also discounted Dr. Walayat's opinion that Quigley would be absent more than three times per month. The ALJ found that this opinion was inconsistent with Dr. Walayat's failure to find any marked or extreme limitation in any work area.[4] AR 16. Dr. Walayat noted that Quigley relied on her daughter to do housework and cooking, and opined that depression prevented Quigley from doing that work herself. AR 761. The ALJ correctly noted, however, that Quigley stated to an examining psychologist that she "is able to do these but just does not feel as though she wants to complete these tasks." AR 14, 732. The ALJ also relied upon the psychologist's observation that Quigley made inadequate effort during testing and opinion that the deficits in memory, attention and concentration were likely inaccurate representations of her true abilities. The psychologist also opined that there is probable malingering. AR 14, 732, 734. An examining physician's opinion constitutes substantial evidence when it is based on independent clinical findings. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). The ALJ properly found that Dr. Walayat's opinion was inconsistent with the other mental health evidence in the record. The ALJ properly discounted Ms. Martin's check-the-box form dated April 23, 2012. AR 16, 727-28. Ms. Martin did not provide a diagnosis or any clinical findings to support her assessment. *See Batson v. Comm'r*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ properly rejected medical source's check-list report that was unsupported by clinical findings). The ALJ did not err.

---

[4] On April 25 and June 20, 2013, Dr. Walayat found that Quigley had good eye contact, normal speech, normal mood, stable affect, linear thinking process and intact judgment. AR 899-900. Her irritability, mood swings and depression were stable. AR 900. On October 3, 2013, Dr. Walayat opined that Quigley's prognosis was favorable. AR 897.

## IV.
## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: January 11, 2016

_____
ALICIA G. ROSENBERG
United States Magistrate Judge